**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**Case No.: 1:19-cv-102**

**COREY MILLER,** )
)
**Plaintiff,** )
)
**v.** )
)
**I.C. SYSTEM, INC.,** )
)
**Defendant.** )
___________________________________/

**CONFIDENTIALITY AGREEMENT**

IT IS HEREBY AGREED by and between Plaintiff, COREY MILLER, ("Plaintiff"), and Defendant, I.C. SYSTEM, INC. ("Defendant"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, training and development, technology or other proprietary information belonging to the Defendant and/or personal income, credit and other confidential information of Plaintiff or a third party.

1. For purposes of this Agreement the term "Confidential Information" shall mean confidential and proprietary information, trade secrets, research, training and development, financial, competitive, marketing, strategic planning or other commercial information, or personal financial information, personal identification information (e.g. – Social Security number), or writings for which such attorney believes in good faith that (a) secrecy is in the public interest, (b) the proponent or third party has a cognizable interest

in the material (i.e., the material contains privileged information, or is otherwise protected by law from disclosure), and/or (c) for which disclosure would cause serious harm (hereinafter "Confidential Information"). Confidential Information shall not be construed to cover items lawfully obtained by a party independently of this litigation.

2. This Confidentiality Agreement shall apply to any documents, testimony or information produced during this action which is asserted by the parties as containing or constituting confidential information. Information, documents or testimony subject to this Confidentiality Agreement shall be referred to herein as Confidential Information, as described above. Information, documents or testimony will be designated by the parties by writing/stamping the term "Confidential" on the document in such a manner as will clearly designate the material as falling within this Confidentiality Agreement.

3. Except as otherwise provided herein, Confidential Information shall remain at all times in the custody of the counsel of record and shall not be provided by that party, or that party's attorney, to anyone, including, without limitation, any natural person or entity, partnership, corporation, any representative of the news media, or any federal, state, or local governmental agency or official, unless required by Court Agreement or subpoena. Confidential Information will be used solely in connection with the litigation between the parties, the preparation and trial of this litigation, and/or any related appellate proceedings, and not for any other purpose, such as any other pending litigation, release to the media, or for any business, commercial or other competitive purposes.

4. Nothing in this Confidentiality Agreement shall preclude counsel of record for any party and/or any party in this litigation from showing or providing Confidential Information to any of the following:

(a) Counsel for any party;

(b) Plaintiff;

(c) Any paralegal, stenographic, clerical, and/or secretarial personnel employed by counsel;

(d) Court personnel including stenographic reporters involved in any hearings, trials or other proceedings related to the litigation between the parties;

(e) Any outside expert or consultant retained in connection with the litigation between the parties;

(f) Any witness in a deposition proceeding or at trial, but the witness may not leave the deposition with any copy of Confidential Information; and

(g) Any witness or potential witness whom counsel believes, in good faith, has a legitimate need to review said Confidential Information for the purpose of assisting counsel in preparing or conducting pre-trial or trial proceedings in the litigation between the parties.

5. Documents, information and depositions marked "Confidential" shall be treated as for attorneys' and/or the parties' eyes only. However, nothing in this Agreement shall preclude counsel of record and/or any party in this litigation from showing or providing Confidential Information to any of the following:

(a) Counsel for any party;

(b) Plaintiff;

(c) Any paralegal, stenographic, clerical, and/or secretarial personnel employed by counsel;

(d) Court personnel including stenographic reporters involved in any hearings, trials or other proceedings related to the litigation between the parties;

(e) Any outside expert or consultant retained in connection with the litigation between the parties; and

(f) For any witnesses in a deposition or at trial.

6. If the Court Agrees, or if the parties agree, that access to, or the dissemination of Confidential Information shall be made to persons not included in paragraphs 4 or 5 above, all such persons shall be subject to the terms and conditions of this Confidentiality Agreement.

7. Nothing in this Order shall prevent any party from filing with the Court any Confidential Information that the party determines is relevant to any motion, claim, or defense at issue in this action. Before filing any Confidential Information with the Court, the party seeking to file the Confidential Information shall give prior notice to the party which designated the information as Confidential. The designating party shall then have twenty-one (21) days to file a motion seeking permission for the document to be filed under seal. If the designating party does not file such a motion within the twenty-one (21) day period or if the Court denies the motion, the party seeking to file the Confidential Information may proceed to file it not under seal.

9. This Agreement shall not prevent a party from providing Confidential Information to the Court or the trier of fact during any trial of this action. This Agreement shall not preclude the offering or receipt of evidence at trial concerning Confidential Information. The parties reserve all rights to apply to the Court for protection with respect

to the confidentiality of testimony or other evidence at trial and/or to raise any objections as to the admissibility of the documents.

10. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to any Confidential Information designated by said individual or entity in accordance with this Agreement.

11. This Agreement has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Agreement, nor the designation of any information, document or the like as "Confidential" nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

12. If Confidential Information submitted in accordance with this Agreement is disclosed to any person other than in the manner authorized by this Agreement, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

13. In the event that any party disagrees with the designation of any document or information as "Confidential" such party shall advise the party asserting confidential treatment of the objection and identify the document or item. Within twenty-one (21) days of receiving this written objection, the party asserting confidential treatment shall advise whether it will change the designation of the document or item, or if this cannot be resolved between the parties, then the dispute will be presented to the Court by motion brought by

the party disagreeing with the "Confidential" designation. During the pendency of any such motion, the designated document or item, as the case may be, shall continue to be treated as "Confidential" and subject to the provisions of this Agreement until such time as the Court rules otherwise.

14. Within sixty (60) days after final termination of this lawsuit, the parties shall assemble and return to the party asserting confidential treatment all items containing confidential information submitted in accordance with this Agreement and all documents that the parties in good faith believe contain or constitute Confidential Information, including all copies of such materials which may have been made, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the parties. At the option of the party asserting confidential treatment, the parties may elect to destroy all items constituting or containing Confidential Information submitted in accordance with this Agreement. If either party elects to have its Confidential Information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. All copies containing notes or other attorneys' work product shall be destroyed. In addition, all summaries, extracts or compilations taken from such Confidential Information shall be destroyed. The requirement to destroy electronic information and emails shall be satisfied if all such electronic information and emails are deleted from the email inbox, hard drive and/or other electronic storage medium of all persons possessing copies of such information. No physical destruction or alteration of hard drives or any other electronic storage medium shall be required.

15. This Agreement shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Confidentiality Agreement.

16. Nothing in this Agreement shall preclude any party from using its, his or her own Confidential Information in any manner it, he or she chooses.

IT IS SO AGREED.

/s/ Boyd W. Gentry
Boyd W. Gentry (KY # 88625)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway
First Floor
Beavercreek, Ohio 45431
Tel. 937.839.2881
Fax 800.839.5843
bgentry@boydgentrylaw.com
*Counsel for Defendant I.C. System, Inc.*

By: /s/ Joshua A. Mize
Joshua A. Mize, Esq.
Florida Bar No. 86163
MIZE LAW, PLLC
110 Front Street, Suite 300
Jupiter, FL 33477
Phone: (407) 913-6800
Fax: (407) 604-7410
jmize@mize.law
*Counsel for Plaintiff*