**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Case No: 1:19-cv-102**

| | |
|---|---|
| COREY MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| I.C. SYSTEM, INC., | ) |
| | ) |
| Defendant. | ) |

_____/

## Defendant's Motion for Summary Judgment

### Introduction

Plaintiff alleges ICS violated the FDCPA/TCPA by making "numerous telephone calls to Plaintiff's cell phone" to collect a delinquent financial obligation.[1] ICS placed 6 calls attempting to reach Plaintiff in mid-2015, but ICS *never* placed a call to the only phone number Plaintiff alleges belongs to him, 270-599-xxxx.[2] Even if ICS had placed a call to Plaintiff's phone number, all of Plaintiff's claims would be barred by the applicable statute of limitations since Plaintiff's Complaint was filed over 4 years *after* the last outgoing call was placed by ICS on Plaintiff's Account.[3]

### Background / Litigation History

---

[1] *See,* DE 1 at ¶¶ 8-10.

[2] This phone number has been partially redacted, in the abundance of caution, for privacy purposes.

[3] *See* Declaration of ICS's Chief Compliance Officer/Corporate General Counsel Michelle Dove ("ICS Dec."), attached as **EXHIBIT A**, at ¶ 10.

On August 5, 2019, Plaintiff filed his Complaint alleging ICS violated the FDCPA and the TCPA by making "numerous telephone calls to Plaintiff's cell phone using a prerecorded and/or artificial voice... [and] called Plaintiff before 8:00a.m. in an attempt to collect the Alleged Debt."[4] In Count I, Plaintiff alleges ICS violated the TCPA when it "called Plaintiff['s] cellular telephone using an artificial and[/or] prerecorded voice without Plaintiff's prior consent... [b]ecause Plaintiff never gave Defendant consent to call him and also clearly revoked any consent that could have existed."[5] In Count II, Plaintiff alleges ICS violated § 1692c(a)(1) and § 1692f of the FDCPA because Defendant "called Plaintiff before 8:00am in an attempt to collect a debt."[6]

On March 12, 2020, ICS served Defendant's First Set of Interrogatories and Defendant's First Requests for Production on Plaintiff. Plaintiff's counsel requested and was granted a 14-day extension for Plaintiff responses, making them due April 27, 2020. But on April 23, 2020, before serving discovery responses, Plaintiff's counsel filed his Motion to Withdraw as Plaintiff's Counsel.[7] No discovery responses have been provided from Plaintiff to date.

On May 11, 2020, the Court granted Plaintiff's counsel's Motion to Withdraw and relieved Plaintiff's counsel of "all further responsibility for the representation of Plaintiff Corey Miller in this matter."[8] The Court further Ordered that "within thirty (30) days of

---

[4] *See,* DE 1 at ¶¶ 8-10.

[5] *Ibid.* at ¶¶ 13-16.

[6] *Ibid.* at ¶¶ 16-20.

[7] *See*, DE 18.

[8] *See*, DE 21.

the entry of this order [i.e., by June 10, 2020], Plaintiff Corey Miller shall retain substitute counsel who shall enter an appearance or notify the Court in writing that he intends to proceed *pro se* in this action."[9] To date, no substitute counsel has entered a notice of appearance on Plaintiff's behalf nor has Plaintiff notified the Court in writing that he intends to proceed *pro se*.[10]

### Plaintiff's Account

On or about April 26, 2015, Alfa Vision Insurance Corporation referred a delinquent account balance, belonging to Plaintiff Corey Miller, to ICS for collection purposes which ICS assigned Account Number xxxxx4919-1 (Plaintiff's "Account").[11]

At the time of referral, Alfa Vision Insurance Corporation transmitted certain information relating to Plaintiff's Account to ICS electronically in essentially the same form as an Excel spreadsheet (which ICS refers to as a "file transfer") including, *inter alia*, Plaintiff's name "Corey Miller," Plaintiff's contact information, and the total delinquent principle balance of $57.99.[12]

As part of its attempts to collect Plaintiff's delinquent Account balance, on April 30, 2015, ICS sent its initial collection letter to Plaintiff.[13] Also as part of its attempts to

---

[9] *Id.*

[10] Plaintiff's failure to comply with the Court Order is grounds for dismissal due to failure to prosecute. *See*, *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also, Witcher v. Fed.-Mogul Prod., Inc.*, No. 1:14-CV-00042-JRW, 2020 WL 1813711, at *2 (W.D. Ky. Jan. 30, 2020).

[11] *See*, Declaration of ICS's Chief Compliance Officer/Corporate General Counsel Michelle Dove ("ICS Dec."), attached as **EXHIBIT A**, at ¶ 7.

[12] *Ibid.* at ¶ 8.

[13] *Ibid.* at ¶ 9.

collect Plaintiff's delinquent Account balance, ICS placed a total of six (6) outgoing calls, all of which were placed to telephone number 270-221-xxxx,[14] as follows:

- April 27, 2015 at approximately 3:02p.m.
- April 28, 2015 at approximately 9:08a.m.
- April 28, 2015 at approximately 11:05a.m.
- April 28, 2015 at approximately 1:06p.m.
- April 28, 2015 at approximately 3:04p.m.
- June 30, 2015 at approximately 10:14a.m.[15]

ICS has not placed an outgoing call to any phone number associated with Plaintiff's Account since June 30, 2015.[16]

On September 21, 2017, ICS received an incoming call on Plaintiff's Account (presumably from Plaintiff), which was recorded.[17] During the two minute and thirty-eight second (2:38) call, Plaintiff verified his name and contact information to the ICS representative. Plaintiff and the ICS representative discussed the delinquent financial obligation owed to Alfa Vision Insurance Corporation.[18] Plaintiff then indicated he would "call back tomorrow" and confirmed that a "good contact number" for him was "270-599-xxxx."[19]

---

[14] The phone number has been redacted for confidentiality purposes as the phone number has not been identified as belonging to Plaintiff.

[15] *Ibid.* at ¶ 10.

[16] *Ibid.* at ¶ 11.

[17] *Ibid.* at ¶ 12.

[18] *Ibid.* at ¶ 12.

[19] *Ibid.* at ¶ 12.

ICS has never placed an outgoing call to 270-599-xxxx, the phone number identified by Plaintiff during the September 21, 2017 call.[20] ICS did not make any further collection attempt on Plaintiff's Account after September 21, 2017.[21]

## Legal Standard.

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.[22] Where the non-moving party bears the burden of proof on an issue at trial, the movant may simply "[point] out to the district court that there is an absence of evidence to support the nonmoving party's case."[23] After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party to establish that there is a genuine issue of material fact."[24]  If the non-moving party fails to make a sufficient showing on an essential element of her case on which she has the burden of proof, the moving party is entitled to a judgment as a matter of law.[25]

## Legal Argument

### 1.  ICS has never placed an outgoing call to 270-599-xxxx.

---

[20] *Ibid.* at ¶ 13.

[21] *Ibid.* at ¶ 14.

[22] *See*, Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

[23] *Id.* at 325.

[24] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).

[25] *Celotex Corp.*, 477 U.S. at 323.

Plaintiff alleges ICS made "numerous telephone calls to Plaintiff's cell phone using a prerecorded and/or artificial voice… [and] called Plaintiff before 8:00a.m. in an attempt to collect the Alleged Debt."[26] There is no evidence to support ICS made any outgoing calls to Plaintiff's phone number, much less "numerous telephone calls."

The only evidence before this Court refutes Plaintiff's claims. The evidence shows ICS *never* placed an outgoing call to the only telephone number identified in this litigation as belonging to Plaintiff, 270-599-xxxx.[27] This is evidenced by the Declaration of ICS's Chief Compliance Officer/Corporate General Counsel Michelle Dove ("ICS Dec."). The ICS Dec. shows only 6 outgoing calls were placed to any phone number on Plaintiff's Account, and none of those calls were placed to 270-599-xxxx.[28] The only 6 outgoing calls were all placed to 270-221-xxxx,[29] a number which Plaintiff does not allege belongs to him.

To be sure, ICS's software system allows employees of the company to input certain information related to the account, such as a summary of any telephone conversations on an account.[30] However, employees do not indicate the dates or times related to inbound or outbound calls.[31] That information is systematically added to the account notes by the

---

[26] *See,* DE 1 at ¶¶ 8-10.

[27] *See*, ICS Dec. at ¶ 12.

[28] *Ibid.* at ¶ 10.

[29] The phone number has been redacted for confidentiality purposes as the phone number has not been identified in this action as belonging to Plaintiff.

[30] *See*, ICS Dec. at ¶ 6.

[31] *Ibid.*

software system whenever a call is placed on an account.[32] Once information is uploaded in the system with respect to an account, it cannot be removed, period.[33] The reason the software is designed in this manner is to ensure the account notes accurately and reliably reflect all activities taken on an account.[34]

As evidenced by both the ICS Dec. and the computer-generated account notes (which will be filed under seal), the only relationship between Plaintiff's Account and the phone number identified as belonging to Plaintiff, 270-599-xxxx, was the result of an incoming call to ICS on Plaintiff's Account on September 21, 2017.[35] During the two minute and thirty-eight second (2:38) incoming call, Plaintiff and the ICS representative discussed the delinquent financial obligation owed to Alfa Vision Insurance Corporation then Plaintiff indicated he would "call back tomorrow" and confirmed that a "good contact number" for him was "270-599-xxxx."[36] No further contact was made on Plaintiff's account after this incoming call.

ICS did not place any outgoing calls to 270-599-xxxx either before or after the phone number was identified by Plaintiff on September 21, 2017 as belonging to him.[37] In

_____

[32] *Ibid.*

[33] *Ibid.*

[34] *Ibid.*

[35] *See*, ICS Dec. at ¶ 12. To be clear, Plaintiff's claims are based only on alleged outgoing calls placed by ICS and Plaintiff's does not make any claims based on the call he made to September 21, 2017. The substance of the September 21, 2017 call is discussed below only as evidence of the only relationship between Plaintiff's Account and Plaintiff's phone number, 270-599-xxxx.

[36] *Ibid.* at ¶ 12.

[37] *Ibid.* at ¶ 13.

fact, ICS did not make any further collection attempts on Plaintiff's Account after September 21, 2017.[38]

### 2. Plaintiff's claims are barred by both the one-year FDCPA statute of limitations and the four-year TCPA statute of limitations.

Plaintiff alleges FDCPA and TCPA violations for placing outgoing calls to his cellular telephone.[39] While the evidence shows ICS never placed an outgoing call to the only number identified as belonging to Plaintiff (270-599-xxxx), any FDCPA and/or TCPA claim based on any of the 6 outgoing calls placed by ICS on Plaintiff's Account would be barred by the applicable statute of limitations as the last call occurred over 4 years and 1 month before Plaintiff filed his Complaint.

The statute of limitations under the FDCPA is *one* year[40] and the statute of limitations under the TCPA is *four* years.[41] Since Plaintiff's Complaint was filed on August 5, 2019, any call placed prior to *August 5, 2015* would be barred by the statute of limitations under both the FDCPA and the TCPA.[42]

The only evidence shows the last outgoing call placed on Plaintiff's Account by ICS, to any phone number, occurred on *June 30, 2015*, over 4 years and 1 month before

---

[38] *Ibid.* at ¶ 14.

[39] *See*, DE 1.
[40] *See*, 15 U.S.C. § 1692k(d)(actions must be brought "within *one year* from the date on which the violation occurs.")

[41] *See, Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 107 (2d Cir. 2013)("We conclude, in light of *Mims,* that federal law supplies the appropriate statute of limitations—here, four years."); *see also, Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272 (S.D.N.Y. 2013)(finding federal general four-year statute of limitations, rather than analogous state statute of limitations, applied to alleged TCPA violations).

[42] *See*, DE 1.

Plaintiff filed his Complaint. The ICS Dec. shows there were only 6 outgoing calls placed to any phone number on Plaintiff's Account.[43] ICS's computer-generated account notes reflect ICS's 6 total outgoing calls where placed between April 27, 2015 and June 30, 2015.[44] ICS has not placed any outgoing call to any phone number associated with Plaintiff's Account since June 30, 2015.[45]

Since Plaintiff's claims are predicated on alleged outgoing calls, and the last outgoing call occurred on June 30, 2015, but the Complaint was not filed until August 5, 2019, Plaintiff's claims under both the FDCPA and the TCPA are barred by the applicable statute of limitations.[46]

## Conclusion

There is no evidence to support Plaintiff's claims based on alleged outgoing calls to Plaintiff's cell phone. ICS *never* placed an outgoing call to the only phone number identified in this litigation as belonging to Plaintiff, 270-599-xxxx. Perhaps most importantly, Plaintiff's FDCPA and TCPA claims are based on outgoing calls ICS allegedly placed on Plaintiff's Account which are barred by the FDCPA's one-year statute of limitations and the TCPA's four-year statute of limitations. The last outgoing call placed by ICS on Plaintiff's Account, to any number, was placed on June 30, 2015. Plaintiff filed his Complaint on August 5, 2019, which is more than 4 years and 1 month after the last outgoing call was placed to any number on Plaintiff's Account.

---

[43] *See*, ICS Dec. at ¶ 10.

[44] *Ibid.* at ¶ 10.

[45] *Ibid.* at ¶ 11.

[46] *Ibid.* at ¶¶ 11; 14.

Respectfully submitted by:

/s/ Boyd W. Gentry
Boyd W. Gentry (KY # 88625)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway
First Floor
Beavercreek, Ohio 45431
Tel. 937.839.2881
Fax 800.839.5843
bgentry@boydgentrylaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion for Leave to File Under Seal has been served by USPS Regular Mail on July 2, 2020 to the following:

Corey Miller
532 Cool Springs Rd.
Morgantown, KY 42261

/s/Boyd W. Gentry
Boyd W. Gentry (KY # 88625)