UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00102-GNS-HBB

COREY MILLER                                                          PLAINTIFF

v.

I.C. SYSTEM, INC.                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Leave to Seal (DN 23) and Defendant's Motion for Summary Judgment (DN 25).  The motions are ripe for adjudication.  For the reason stated below, the motions are **GRANTED**.

### I.      STATEMENT OF FACTS AND CLAIMS

On August 5, 2019, Plaintiff Corey Miller ("Miller") filed this action against Defendant I.C. Systems, Inc. ("ICS") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. (Compl. ¶¶ 12-20).  In particular, Miller alleges that ICS made numerous phone calls to his cell phone as part of ICS's business as a debt collector seeking to collect on a personal and household debt.  (Compl. ¶¶ 6-7).  These calls allegedly included prerecorded messages made without Miller's consent and were made at times of the day in which such calls are prohibited by federal law.  (Compl. ¶¶ 8-10).

At the close of discovery, ICS has moved for summary judgment on Miller's claims. (Def.'s Mot. Summ. J. 5-9, DN 25).  In addition, ICS has moved for leave to seal one document

relating to its motion on confidentiality grounds.  (Def.'s Mot. Leave Seal 1, DN 23).  Miller did not respond to either motion.

## II.      JURISDICTION

This Court has jurisdiction of this matter based upon federal question jurisdiction.  *See* 28 U.S.C. § 1331.

## III.      DISCUSSION

### A.      Defendant's Motion for Summary Judgment

In its motion, ICS asserts that Miller's claims should be dismissed as barred by the applicable statutes of limitation.  (Def.'s Mot. Summ. J. 8-9).  Alternatively, ICS argues that Miller has failed to present sufficient evidence to support his claims.  (Def.'s Mot. Summ. J. 5-8). Because Miller's claims are barred by the applicable statues of limitations, it is unnecessary to address the merits of his claims.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] party moving for summary judgment may satisfy its burden [of showing] that there are no genuine issues of material fact simply 'by pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.'"  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).  Similarly, the movant may meet its burden by offering evidence negating an essential element of the non-moving party's claim.  *See Dixon v. United States*, 178 F.3d 1294, 1999 WL 196498, at *3 (6th Cir. 1999).

After the movant either shows "that there is an absence of evidence to support the nonmoving party's case," or affirmatively negates an essential element of the non-moving party's

claims, the non-moving party must identify admissible evidence that creates a dispute of fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). While the Court must view the evidence in a light most favorable to the non-moving party, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The Complaint asserts claims based on the FDCPA and the TCPA. In general, the FDCPA "prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt'" and prohibits debt collectors from engaging in certain practices, harassment or abuse, and unfair practices. *Grden v. Leikin, Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011) (quoting 15 U.S.C. § 1692e); *see* 15 U.S.C. §§ 1692c, 1692d, 1692f. The FDCPA expressly provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

In contrast to the FDCPA, the TCPA "prohibits companies from making automated calls to a person's cellphone without that person's prior express consent" and was enacted "in response to '[v]oluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes . . . .'" *Hill v. Homeward Residential*, Inc., 799 F.3d 544, 547 (6th Cir. 2015 (alteration in original) (quoting *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370 (2012)). The TCPA, however, does not have an express statute of limitations, but

courts have held that the applicable limitations period is four years. *See Bridge v. Ocwen Fed. Bank*, 669 F. Supp. 2d 853, 859 (N.D. Ohio Aug. 28, 2009) ("Since the TCPA does not contain an express limitations period, [the] [plaintiff]'s claims fall under the federal four-year "catch-all" statute of limitations found at 28 U.S.C. § 1658."), *overruled on other grounds*, 681 F.3d 355 (6th Cir. 2012); *see also* 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.").

In support of its motion, ICS has tendered a declaration from Michelle Dove ("Dove"), who serves as its Chief Compliance Officer and Corporate General Counsel. (Dove Decl. ¶ 3, DN 25-1). Based on Dove's review of ICS's records, it did attempt to collect a debt on a delinquent account associated with Miller netween April 27, 2015, and June 30, 2015. (Dove Decl. ¶¶ 8-13). ICS placed six outgoing calls to phone number 270-221-XXXX[1] in attempt to collect on the delinquent account during this period. (Dove Decl. ¶ 10). ICS has not made any further calls to that number since June 30, 2015. (Dove Decl. ¶ 11). While an ICS employee did answer an incoming call from a different number—270-599-XXXX[2]—relating to Miller's account on September 21, 2017, ICS has no record of any outgoing call being placed by ICS to that number. (Dove Decl. ¶¶ 12-13).

Miller filed this action on August 5, 2019. As the evidence in the record reflects, the last outgoing call by ICS occurred on June 30, 2015, which was more than four years prior to the

---

[1] The full telephone number was redacted from ICS's motion and Dove's declaration due to privacy.
[2] The full telephone number was redacted from ICS's motion and Dove's declaration due to privacy.

initiation of this action.  Accordingly, Miller's FDCPA and TCPA claims are both barred by the applicable statute of limitations, and the Court will grant the motion.

**B.**      **Defendant's Motion for Leave to Seal**

In addition, ICS moves for leave to seal a document relating to its motion.  (Def.'s Mot. Leave Seal 1).   When both parties were represented by counsel, counsel entered into a confidentiality agreement.  Because Miller's counsel has since withdrawn, ICS seeks leave to seal a document containing both confidential and proprietary information.  This motion will be granted.

**IV.**      **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Leave to Seal (DN 23) and Defendant's Motion for Summary Judgment (DN 25) are **GRANTED**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge

United States District Court

February 4, 2021

cc:      counsel of record
          Corey Miller, *pro se*